IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMINA A.,<br><br>      Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-CV-160 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion for Review of Agency Action. (ECF No. 18.) Plaintiff seeks review of the Commissioner's decision denying Plaintiff's claim for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. § 401, *et seq.*[1] The matter is fully briefed obviating any need in this case for oral argument. After careful consideration of the entire record and the parties' briefs, the Commissioner's decision is reversed and remanded for the reasons set forth herein.

## BACKGROUND

Ms. A,[2] filed for benefits in September 2017 alleging disability beginning January 2, 2011 due to depression, anxiety, bipolar disorder, back pain, acid reflux, polio, and a mood disorder. Tr. 79, 188.[3] Plaintiff's application was denied initially and upon reconsideration. Ms.

---

[1] The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

[3] Tr refers to the transcript of proceedings.

A requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, which occurred on August 8, 2019, the ALJ issued a written decision denying Plaintiff's claim for SSI. The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481.

In the decision denying Plaintiff's claim for SSI, the ALJ found Plaintiff had the following severe impairments: depressive, bipolar disorder; anxiety and obsessive-compulsive disorder; and post-polio syndrome. Tr. 13. None of these impairments, either singularly or in combination, were found to meet or equal a listed impairment. The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b). After considering the medical evidence, the ALJ determined that Plaintiff could perform past relevant work as a small parts assembler, which is defined as light work. In addition, the ALJ found alternatively at step five that there were other jobs in the national economy that Plaintiff could perform. These include photocopy machine operator, toy assembler, and server wrapper. The ALJ therefore found Plaintiff not disabled at step four and alternatively, at step five, of the sequential evaluation process.[4] Plaintiff appealed the decision to the Appeals Council. The Council affirmed and Plaintiff then filed this action.

---

[4] The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

    1. The ALJ must first consider work activity and determine whether a claimant is engaged in substantial gainful activity. A claimant who is engaged in substantial gainful activity is not disabled.

    2. The severity of medical impairments is considered at the second step determining whether any are "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

    3. At step three, the ALJ must determine if any impairments meet or equal certain impairments described in Appendix 1 of the regulations.

    4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must then determine whether the claimant can perform his past work despite any limitations.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## ANALYSIS

Plaintiff asserts three claims of error: (1) the ALJ failed to evaluate her subjective complaints as required by the regulations; (2) the ALJ's RFC determination is not supported by substantial evidence due to a failure to develop the record; and (3) the ALJ failed to consider Plaintiff's illiteracy at Step 5, and instead simply adopted a "blanket conclusion that she was literate." (ECF No. 18. p. 1) The court agrees that the ALJ failed to adequately consider

---

5. If the claimant does not have the residual functional capacity to perform past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity. *See* 20 C.F.R. § 404.1520(b)-(f); *Williams v. Bowen* 844 F .2d 748, 750–52 (10th Cir.1988).

Plaintiff's illiteracy, which could impact her ability to perform not only other jobs as found at step five, but potentially her past relevant work at step four, if there have been changes to that work. That determination is better left to a vocational expert and the ALJ rather than this court. Because the court agrees that the case should be remanded due to the failure to consider Plaintiff's illiteracy, the court does not consider the other alleged claims of error.

    **I.**    **The ALJ erred by failing to adequately consider Plaintiff's illiteracy**

In formulating a claimant's RFC, an ALJ is to account for all medical and vocational limitations resulting from the claimant's impairments. *See Coleman v. Barnhart*, 92 F. App'x 454, 456 (9th Cir. Feb. 23, 2004); 20 C.F.R. § 416.945(a)(2) (providing that the ALJ must "consider all of [a claimant's] medically determinable impairments ..., including [the claimant's] medically determinable impairments that are not 'severe,' " when assessing the claimant's RFC); SSR 96-8p, 1996 WL 374184 (July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). The Tenth Circuit has long held that when an ALJ poses hypothetical questions to a vocational expert, the questions must "relate with precision all of a claimant's impairments." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotations and citation omitted).

While illiteracy is not part of the RFC determination, it is a vocational limitation. *See Odoms v. Colvin*, 194 F.Supp.3d 415, 425 (W.D.N.C. 2016) ("Illiteracy ... is considered a vocational factor, and, thus does not appropriately belong in the RFC."); *Brindley v. Astrue*, No. 2:10CV775, 2011 WL 1326914, *3 (D. Utah April 7, 2011) ("Illiteracy is not a factor that is considered in assessing an individual's [RFC]."). An individual is considered "illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though

4

the person can sign his or her name." 20 C.F.R. § 416.964. "Generally, an illiterate person has had little or no formal schooling." *Id.*

Here the ALJ determined the "claimant has a limited education and is able to communicate in English." That is the extent of the analysis regarding Plaintiff's literacy. The record, however, indicates concerns about Plaintiff's literacy. Dr. John Hardy, who conducted a psychosocial evaluation of Plaintiff, noted there "were many times when my questions needed to be explained in simpler terms in order for her to understand what I was asking." (Tr. 565.) This was particularly true regarding questions concerning Plaintiff's emotional experiences. In fact, language issues prevented Dr. Hardy from administering requested memory testing. And it precluded "more formal mental status tasks." *Id.* The ALJ found Plaintiff to have the severe impairments directly related to mental functioning (depressive bipolar disorder, anxiety and obsessive-compulsive disorder). Yet, in the ALJ's analysis of Dr. Hardy's opinion, nothing is mentioned about the problems the language barriers created in assessing emotional and mental functioning. Finding Dr. Hardy's opinion to be "partially persuasive" without at least addressing the language issues explicitly set forth by Dr. Hardy, undermines the Commissioner's decision. In addition, the record reflects Plaintiff cannot read English or her native Somali, (Tr. 674.), needed her son to complete her functional report, (Tr. 217.), and had her son present for the ALJ hearing to aide in translation. (Tr. 43.)

Against this backdrop of evidence, the Commissioner seeks to support the ALJ's decision by noting Plaintiff immigrated to the United States in 1997 and took English as a Second Language classes. Further, Plaintiff "was able watch complex television shows such as 'Investigation Discovery', sci-fi, and TLC [the Learning Channel]." (ECF No. 22 p. 12.)  Yet, this evidence was not cited to by the ALJ in his decision. The court may not rely on post-hoc

rationalizations to explain the ALJ's treatment of evidence that is not apparent in the decision itself. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("the district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."); *Robinson v. Barnhart*, 366 F.3d 1078, 1084–85, 2004 WL 729273 (10th Cir. 2004) (noting the "ALJ's decision should have been evaluated based solely on the reasons stated in the decision."); *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir.2004) ("Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

Despite the evidence regarding Plaintiff's illiteracy in the record, conspicuously absent from any hypothetical are limitations regarding illiteracy and language. In fact, there is no discussion between the ALJ and the vocational expert about Plaintiff's education or literacy. This lack of precision in the RFC and the hypothetical to the vocational expert is reversible error. *See, e.g., Leffingwell v. Colvin*, No. 1:15CV00015, 2016 WL 890552, at *6 (S.D. Ind. Mar. 9, 2016) ("Because the ALJ never mentioned Leffingwell's illiteracy, despite proposing three different hypotheticals to the VE, the ALJ's hypotheticals cannot be said to have 'orient [ed] the VE to the totality of [Leffingwell's] limitations.'" (citations omitted)).

While illiteracy, by itself, cannot result in disability, it can impact hypotheticals that encompass all of the medical and vocational limitations that an ALJ finds a claimant to possess. And here, illiteracy may substantially impact the severe impairments already found on the record due to gaps in testing. Because the record falls short, the court must remand the matter to the Commissioner for further consideration. *See Safa H. v. Saul*, No. 2:19-CV-00387-JCB, 2020 WL

5981905, at *3 (D. Utah Oct. 7, 2020) (remanding the Commissioner's decision for a failure to adequately address illiteracy).

## CONCLUSION AND ORDER

As set forth above, the court concludes the ALJ erred. Therefore, it is HEREBY ORDERED that the Commissioner's decision in this case is reversed and remanded for further proceedings.

IT IS SO ORDERED.

DATED this 21 July 2022.

_____
Dustin B. Pead
United States Magistrate Judge